**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ERIKA L. BROWN, on behalf of herself and all others similarly situated,<br><br>     Plaintiff,<br> -against-<br><br>TOTAL SYSTEM SERVICES, INC., a Delaware corporation; and GLOBAL PAYMENTS, INC., a Georgia corporation,<br><br>     Defendants. | Civil Action File No.<br><br><br>**JURY TRIAL DEMANDED** |

**COLLECTIVE ACTION COMPLAINT AND JURY TRIAL DEMAND**

Plaintiff, ERIKA L. BROWN ("Brown" or "Plaintiff"), along with any other similarly situated employees who may join this action (collectively "Plaintiffs"), by their attorneys, Buckley Beal LLP and Shavitz Law Group, P.A., upon personal knowledge as to herself and upon information and belief as to other matters, alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this lawsuit as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"), on

behalf of herself and all other persons similarly situated who suffered damages as a result of FLSA overtime violations by Defendants TOTAL SYSTEM SERVICES, INC. and GLOBAL PAYMENTS, INC., (collectively, "TSYS" or "Defendants").

2.     TSYS provides payment processing services, merchant services and related payment services.

3.     To provide these services, TSYS operates call centers where they employ non-exempt, hourly employees.

4.     As more fully described below, during the relevant time periods, Defendants willfully violated the FLSA by failing to pay Plaintiff and all other similarly situated employees for all of their overtime hours worked based upon its unlawful policies and practices.

5.     Pursuant to Defendants' policies and practices, Plaintiff and similarly situated employees were required to work before clocking into Defendants' computerized timekeeping system.  This off-the-clock work included: booting up computers, logging on, loading various programs and applications, and reviewing emails – all in order to be "call ready."

6.     Defendants' policies and practices further required Plaintiff and similarly situated employees to repeat this same process at the end of, but still during, their uncompensated meal break.  Plaintiff and the similarly situated

employees had to cut their meal breaks short so that they could duplicate the process they performed in the morning before their shift to become call ready again after their meal break. Consequently, Plaintiff and the similarly situated employees worked through a significant part of their unpaid meal breaks getting call-ready for the post-meal break portion of their shift.  Plaintiffs were not completely relieved of their duties during their meal breaks.

7.     Plaintiffs' off-the-clock work described herein was for the predominate benefit of Defendants.

8.     Plaintiffs' off-the-clock work described herein was not *de minimus*.

9.     Plaintiff has retained Buckley Beal LLP and Shavitz Law Group, P.A. to represent her in this matter.

## THE PARTIES

### *Plaintiff*

10.     Plaintiff Brown is a resident of Stockbridge, Georgia.

11.     Plaintiff Brown worked for Defendants as a non-exempt, hourly paid employee at a TSYS call center in McDonough, Georgia, from approximately August 2018 to April 2019.

12.     Brown's last rate of pay was approximately $12 per hour.

13.    Plaintiff Brown's written consent to join this action is attached as Exhibit A.

### *Defendants*

14.    TSYS "is a leading global provider of seamless, secure and innovative solutions to payment card issuers — financial institutions and retail companies."

https://www.tsys.com/about-us/

15.    TSYS employs non-exempt hourly employees at its call centers nationwide.

16.    Global Payments, Inc. is the parent organization of TSYS. TSYS merged with Global Payments, Inc. in September 2019.

17.    Global Payments, Inc. and TSYS may be served with process by delivering a copy of the summons and complaint to their registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046.

## JURISDICTION AND VENUE

18.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1332, and by 29 U.S.C. § 201, *et. seq*.

19.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

20.     Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in the District, a substantial part of the events or omissions giving rise to the claims occurred in this District, and each Defendant is subject to personal jurisdiction in this District.

21.     At all times pertinent to this Complaint, each Defendant was an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).   Each Defendant's gross receipts for the three years preceding the filing of this lawsuit exceeded $500,000.00.

22.     Each Defendant is within the personal jurisdiction and venue of this Court.

23.     Throughout the relevant period, each Defendant jointly employed Plaintiff and similarly situated employees within the meaning of the FLSA. Each Defendant has substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

24.     Each Defendant is a covered employer within the meaning of the FLSA and, at all times relevant, jointly employed Plaintiff and similarly situated employees.

## FACTS COMMON TO ALL CLAIMS

25.     The proposed FLSA Collective is defined as follows:

> All non-exempt, hourly call center employees, regardless of exact title, employed by TSYS and/or TSYS and Global Payments, Inc., at any location throughout the United States, on or after November 17, 2017, who have not been paid for all overtime hours worked.

### *Plaintiff's Off-the-Clock Overtime*

26.     As described herein, pursuant to Defendants' policies and practices, Plaintiff and the similarly situated employees worked off-the-clock, before their scheduled shift booting up their computers, logging on and loading various programs and applications, and reviewing emails to be "call ready."

27.     Pursuant to Defendants' policies and procedures, Plaintiff and the similarly situated employees also were required to clock out for their meal break, but were not completely relieved of duty during their uncompensated meal break, as they were required to work to get call ready at the end of, but still during, their unpaid meal break.

28.     Pursuant to these policies and procedures, Defendants failed to record all of the hours worked by Plaintiff and the similarly situated employees, thereby resulting in the failure to pay overtime in violation of the FLSA.

29.    Plaintiff estimates that as a result of Defendant's policies and practices described herein, she worked up to five hours over 40 each week without pay.

### Defendants' Off-the-Clock Overtime Violations

30.    Plaintiff and the members of the proposed FLSA Collective worked as non-exempt hourly employees at Defendants' call centers nationwide.

31.    Defendants are aware that Plaintiff and the proposed FLSA Collective worked off- the-clock overtime hours, yet, as described herein, Defendants have failed and continue to fail to pay them all of their overtime compensation by failing to credit them for all of the hours they work over 40 in a workweek and suffering or permitting Plaintiff and the proposed FLSA Collective to work off-the-clock overtime hours, during which they performed the duties described herein.

32.    Defendants maintain time records for all their non-exempt hourly employees throughout the United States.

33.    However, those time records fail to accurately reflect all of Plaintiffs' hours worked, based upon Defendants' policies and procedures described herein for requiring Plaintiff and the similarly situated employees to work off-the-clock.

34.    While Defendants occasionally may have paid Plaintiff and the proposed FLSA Collective for *some* overtime hours worked, pursuant to the

policies and procedures described herein requiring Plaintiff and the proposed FLSA Collective to work off-the-clock, Defendants failed to pay Plaintiff and the proposed FLSA Collective for the unrecorded overtime hours worked in violation of the FLSA.

35.     Based upon the policies and procedures described herein, Defendants failed to keep accurate records of hours worked by Plaintiff and the similarly situated employees.

36.     Defendants' failure to pay Plaintiff and the proposed FLSA Collective for all hours worked was due to a corporate policy to limit labor expenditures and preserve corporate profits.

### FLSA COLLECTIVE ACTION FACTS

37.     Plaintiff brings the First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of herself and the proposed FLSA Collective.

38.     All of the work that Plaintiff and the proposed FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the proposed FLSA Collective have performed.

39.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the proposed FLSA Collective.  This policy and

pattern or practice includes, but is not limited to:

      a.     willfully failing to pay Plaintiff and the members of the FLSA Collective overtime wages for all of the hours that they worked for Defendants in excess of 40 hours per workweek; and

      b.     willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for Defendants.

40.    Defendants are aware or should have been aware that federal law required them to pay Plaintiff and members of the FLSA Collective an overtime premium for all hours worked in excess of 40 per workweek.

41.    Plaintiff and the FLSA Collective all were compensated on an hourly basis.

42.    Plaintiff and the FLSA Collective all were subject to the same employment policies, procedures, and practices as centrally disseminated by Defendants.

43.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

44.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

45.     Defendants have engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

46.     Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

47.     At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

48.     The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendants.

49.     Each Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

50.     At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

51.     Defendants have failed to pay Plaintiff and other similarly situated current and former employees all of the overtime wages to which they were entitled under the FLSA.

52.     Defendants' violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.  Defendants have failed to

make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and other similarly situated current and former employees.

53.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

54.    As a result of Defendants' willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*, for which Defendants are jointly and severally liable.

55.    As a result of the unlawful acts of Defendants, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, seeks the following relief:

A.     That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the proposed FLSA Collective.  Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B.     Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.     Pre-judgment interest and post-judgment interest as provided by law;

D.     Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

E.     Attorneys' fees and costs of the action;

F.     An appropriate service award for Plaintiff's efforts and service to the proposed FLSA Collective; and

G.     Such other injunctive and equitable relief as this Court shall deem just

and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


Respectfully submitted this 17th day of November, 2020.

**BUCKLEY BEAL, LLP**

By:   */s/ Rachel Berlin Benjamin*
Rachel Berlin Benjamin
Georgia Bar No. 707419
rberlin@buckleybeal.com
600 Peachtree Street NE, Suite 3900
Atlanta, GA  30308
Telephone: (404) 781-1100
Facsimile:  (404) 781-1101

Gregg I. Shavitz*
Paolo C. Meireles*
Logan A. Pardell*
**SHAVITZ LAW GROUP, P.A.**
981 Yamato Road, Suite 285
Boca Raton, Florida 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
gshavitz@shavitzlaw.com
pmeireles@shavitzlaw.com
lpardell@shavitzlaw.com

***Attorneys for Plaintiff and the proposed FLSA Collective***

*to apply for admission *pro hac vice*