# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ERIKA L. BROWN, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | 1:20-CV-04685-ELR |
| | * | |
| TOTAL SYSTEM SERVICES, INC., et al., | * | |
| | * | |
| | * | |
| Defendants. | * | |
| | * | |

_____

**O R D E R**

_____

Presently before the Court is the Parties' "Joint Notice of Amendment of Settlement Agreements." [Doc. 45]. In an Order dated October 7, 2021, the Court denied the Parties' "Joint Motion to Reopen Case and for Approval of Settlement," with leave to refile, because the confidentiality provisions in the Parties' four (4) proposed settlement agreements contravened the Fair Labor Standards Act ("FLSA"). [See Docs. 43; 44 at 5]. By their instant notice, which the Court construes as a motion, the Parties indicate that they amended their proposed settlement agreements by striking the confidentiality provisions. [See Docs. 45 at 1–2; see also Docs. 43-2, 43-3, 43-4, 43-5]. The Parties now seek approval of their

FLSA settlement agreements as modified by their subsequently executed amendment. [See Docs. 45 at 1].

In this Circuit, there are "only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352–53 (11th Cir. 1982). The first option, which is inapplicable to this case, involves actions taken by the Secretary of Labor. See id. at 1353. The second route, however, permits the presentation of a proposed settlement agreement to a district court when an employee brings a private action for back wages pursuant to 29 U.S.C. § 216(b). See id. If, after scrutinizing the settlement, the district court determines that it "is a fair and reasonable resolution of a bona fide dispute of FLSA provisions[,]" the court may enter a stipulated judgment. See id. at 1355. In this context—when the employee is represented by counsel—there is some assurance that the employee's rights under the statute will be protected, and "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." See id. at 1354. To that end, the Court notes that Plaintiffs are represented by counsel in the present action.

After reviewing the Parties' "Joint Notice of Amendment of Settlement Agreements" and the proposed settlement agreements (as amended), the Court finds that there is a bona fide dispute regarding claims arising under the FLSA and the Parties' settlement agreements are a fair and reasonable resolution to this action. [See

Docs. 43-2, 43-3, 43-4, 43-5, 45]; see also Lynn's Food Stores, 679 F.2d at 1354–55. Although Defendants deny Plaintiffs' allegations of wrongdoing, the Parties engaged in an arms-length settlement negotiation and eventually agreed upon terms to resolve this dispute. [See Docs. 43-2 at 2; 43-3 at 2; 43-4 at 2; 43-5 at 2]. Moreover, as indicated above, the Parties have stricken the confidentiality provision within each agreement, aligning with "Congress's intent to 'ensure widespread compliance with the statute.'" [See Doc. 45 at 1–2]; see also Gamble v. Air Serv. Corp., 247 F. Supp. 3d 1302, 1305 (N.D. Ga. 2017) (internal citation omitted).

Additionally, the Court finds that the legal fees for Plaintiffs' counsel are reasonable. [See Docs. 43-2 at 3; 43-3 at 3; 43-4 at 3; 43-5 at 3]. "The FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wrong employee recovers under a settlement agreement." Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009). The Parties represent in their settlement agreements that "Plaintiffs['] Counsel's attorneys' fees and costs payment [were] separately negotiated after the amount[s] to Plaintiff[s] [were] negotiated." [See Docs. 43-2 at 3; 43-3 at 3; 43-4 at 3; 43-5 at 3].

Accordingly, the Court **DIRECTS** the Clerk to reopen this case so that the Court may pronounce its ruling on the Parties' instant motion.[1] Additionally, the

---

[1] The Court notes that this case was administratively closed on August 6, 2021, based on the Parties' "Joint Notice of Settlement," indicating that all issues between the Parties had been resolved. [See Docs. 40, 41].

Court **GRANTS** the Parties' request within their "Joint Notice of Amendment of Settlement Agreements" [Doc. 45] and **APPROVES** the Parties' settlement agreements as modified. [<u>See</u> Docs. 43-2, 43-3, 43-4, 43-5, 45-1]. Finally, the Court **DIRECTS** the Clerk to close this matter.

    **SO ORDERED**, this 23rd day of November, 2021.

                                            *Eleanor L. Ross*
                                            Eleanor L. Ross
                                            United States District Judge
                                            Northern District of Georgia